**PLUESE, BECKER & SALTZMAN, LLC**
Attorneys At Law
20000 Horizon Way, Suite 900
Mount Laurel, New Jersey 08054
(856) 813-1700
Attorneys for Plaintiff
Filing Attorney:
_X_ Rob Saltzman, Esquire ID #043891988
__ Sanford J. Becker, Esquire ID #243731972
__ Robert F. Thomas, Esquire ID #018621993
__ Stuart West, Esquire ID #015672002
__ Shannon Burrini, Esquire ID#122252015
__Allyson Cofran, Esquire ID #002602005
File No.:

| | |
|---|---|
| In re: Certain Amendments to N.J.S.A. 2A:50-56(a), 46:10B-49.2, and 46:10B-49.3 | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION OCEAN COUNTY |
| | DOCKET NO.: OCN-C- |
| | CIVIL ACTION |
| | VERIFIED COMPLAINT |

Plaintiffs/Applicants respectfully represent as follows:

BACKGROUND AND PARTIES

1. Plaintiffs/Applicants are law firms and attorneys, privileged and licensed to practice law in the State of New Jersey, concentrate their practice in the area of Creditors' Rights, and are regularly engaged in the representation of residential mortgage lenders and servicers in the foreclosure of their residential mortgages encumbering New Jersey properties.

2. The Fair Foreclosure Act, at N.J.S.A. 2A:50-56(a), requires that notice of a residential mortgage lender's intention to begin a residential mortgage foreclosure action must be provided, in the form of a Notice Of Intent To Foreclose (the "NOI"), to the residential mortgage borrower. Applicant law firms sometimes send NOIs on behalf of our mortgage lender/servicer Clients.

3. The NOI required by N.J.S.A. 2A:50-56(a) must include certain Disclosures and non-public information, including many non-public details relating to the debt underlying the contemplated foreclosure action.

4. A recent Amendment to N.J.S.A. 2A:50-56(a), codified at N.J.S.A. 2A:16-49.2

(collectively, the "Amendment"), requires that the NOI be contemporaneously provided to the New Jersey Department of Community Affairs and, if the mortgaged property is also encumbered by Affordable Housing restrictions, then also to entities under the direction of the New Jersey Housing and Mortgage Finance Agency. The Legislative intent of the Amendment was to create a database of delinquencies for the salutary purposes of, *inter alia.*, resource allocation and educational outreach.

5. The Plaintiffs/Applicants may be deemed "debt collectors" under the Fair Debt Collection Practices Act.

6. All the obligors to whom NOIs are and will be sent are "consumers" under the Fair Debt Collection Practices Act.

7. The public entities to whom the NOIs must be sent pursuant to the recent Amendment to the Fair Foreclosure Act are "third parties" under the Fair Debt Collection Practices Act.

8. The Fair Debt Collection Practices Act, at 15 U.S.C. 1692c(b), prohibits a debt collector from disclosing the details of a consumer's debt to any unauthorized third parties without the "express permission of a court of competent jurisdiction."

9. Accordingly, compliance with the Amendment to the Fair Foreclosure Act necessarily constitutes violation of the Fair Debt Collection Practices Act. Penalties for FDCPA violations, including statutory damages, attorneys' fees, and sanctions predicated upon a percentage of an entity's net worth, can be substantial. Because so many NOIs are sent (including many that never result in foreclosure because the delinquencies are consensually resolved), class claims are likely.

10. The primary concern of the Applicants is that the conflicting Statutes will result in immediate and irreparable harm to various groups, including residential mortgage lenders, servicers, attorneys, defaulting homeowners, the Courts, and the Community in general by, *inter alia.*, causing exposure to and provoking otherwise unnecessary litigation, and by complicating pending litigation, while frustrating the Legislative intent by inhibiting compliance with the Amendment.

11. A legislative solution to the Statutory conflict was sought, but it has become apparent that the time required for any such legislative or regulatory action will necessarily extend beyond the Effective Date of the Amendment, April 1, 2020, and irreparable harm will occur before legislative or regulatory action can be taken.

12. N.J.S.A. 2A:16-51 et seq. provides that Courts in this State possess the "power to declare rights, status and other legal relations" as to persons/entities in the position of Applicants and, by and through our law firms, our mortgage lender/servicer Clients, and, by and through them, the residential mortgage borrowers who are the intended recipients and beneficiaries of the NOI.

13. As a Court of Equity, this Honorable Court is uniquely situated to fashion an appropriate remedy that harmonizes the State and Federal Statutes at issue and thereby facilitates compliance with the Amended State Statute.

14. The New Jersey Department of Community Affairs is a governmental agency of the State of New Jersey and is made a nominal party Defendant hereto as it is an intended contemporaneous third party recipient of the NOI and therefore has an interest in reconciliation of the conflicting Statutes at issue herein.

15. The New Jersey Housing and Mortgage Finance Agency is a governmental agency of the State of New Jersey and is made a nominal party Defendant hereto as it is an intended contemporaneous third party recipient of the NOI and therefore has an interest in reconciliation of the conflicting Statutes at issue herein.

16. Plaintiffs emphasize that this matter is brought before the Court via Verified Compliant as required by applicable Rules, but the object of this Application is not fundamentally adversarial. As more fully articulated in the Brief accompanying the Order to Show Cause being filed contemporaneously herewith, no criticism of the New Jersey Legislature, The New Jersey Department of Community Affairs, the New Jersey Housing & Mortgage Finance Agency, nor any other agency of New Jersey Government, is intended, nor should any be inferred by the manner in which this issue must be presented to the Court. The purpose of this Application is to request the Court's intervention to harmonize the conflicting State and Federal Statutes and thereby to facilitate compliance with the Amendment to further its salutary goals.

## COUNT ONE

17. The contents of the previous paragraphs are incorporated herein by reference.

18. The implementation of the recent Amendment to N.J.S.A. 2A:50-56(a) codified at N.J.S.A. 46:10B-49.2 as it relates to the contemporaneous provision of the NOI to unauthorized third parties other than the obligor(s) compels the Plaintiffs, our Clients, and mortgage lenders/servicers generally to violate a Federal Statute, specifically, the Fair Debt Collection Practices Act, 15 U.S.C.1692c(b).

19. It is well settled that when a state law contravenes federal law, the federal law must be deemed superior and the state law must yield to the extent of the conflict.

WHEREFORE, it is respectfully requested that this Honorable Court harmonize the conflicting State and Federal Statutes by Ordering one or more of the following remedies:

A. The provisions of N.J.S.A 46:10B-49.2 and N.J.S.A. 2A:50-56(a) requiring contemporaneous provision of NOIs to entities other than the obligor(s) be declared and deemed completely void and unenforceable as preempted by applicable federal law; or

B. The provisions of N.J.S.A 46:10B-49.2 and N.J.S.A. 2A:50-56(a) requiring contemporaneous provision of NOIs to entities other than the obligor(s) be deemed void and unenforceable to the extent of the conflict with applicable federal law; or

C. In the alternative, delay the Effective Date of the Amendment and enjoin and restrain Plaintiffs, their Clients, and mortgage lenders/servicers generally from compliance pending further legislative or regulatory action; or

D. In the alternative, should this Honorable Court determine the State's interest in creating the contemplated database is sufficiently compelling and the privacy provisions therein sufficiently robust, issue an Order providing Plaintiffs, their Clients, and residential mortgage lenders/servicers generally, "express permission" to comply with the provisions of N.J.S.A 46:10B-49.2 and N.J.S.A. 2A:50-56(a) requiring contemporaneous provision of NOIs to the third party public entities specified in the Amendment; or

E. For such other relief that this Honorable Court deems equitable and just.

## COUNT TWO

1. The contents of the previous paragraphs are incorporated herein by reference.

2. A recent amendment to N.J.S.A. 46:10B-49.3 (the Amendment") requires that residential mortgage foreclosure plaintiffs or their attorneys send a Notice containing contact information for the plaintiff's representatives in New Jersey responsible for maintaining mortgaged properties and accepting addressing complaints regarding the condition of the subject property (the "Municipal Notice") to various municipal officials and also to "all public utilities" as defined in R.S.48:2-13.

3. The requirement to send the Municipal Notice to "all public utilities" as defined in R.S.48:2-13 is so overbroad, burdensome, and impractical, as to render compliance virtually impossible.

4. The requirement to send the Municipal Notice to "all public utilities" as defined in R.S.48:2-13 imposes unwarranted burdens on the many public utility recipients having no connection to the mortgaged property and no interest in the pending mortgage foreclosure action.

5. The burdens imposed by the Amendment upon both senders and recipients confer no appreciable benefit to any person, entity, or constituency.

WHEREFORE, it is respectfully requested that this Honorable Court construe the Amendment in a more rational, practical, and appropriate manner by Ordering one or more of the following remedies:

A. The implementation of N.J.S.A. 46:10B-49.3 requiring the sending of notification of the service of a summons and complaint in an action to foreclose a residential mortgage to "all public utilities" as defined in R.S.48:2-13 be stricken as overbroad and unduly burdensome; or

B. In the alternative, this Honorable Court delay the Effective Date of the Amendment pending further legislative or regulatory action; or

C. In the alternative, this Honorable Court could enter an Order declaring the Amendment's requirement satisfied by, e.g.,
   a. Service of the Municipal Notice upon the Municipal Executive to make available to any interested public utility; or
   b. Service of the Municipal Notice upon the Board of Public Utilities; or
   c. Limiting the requirement to serve Municipal Notices to a subset of "all" public utilities consisting of only those providing water, sewer, gas, and electric service to the subject property if and as their interest is disclosed in a report of title; or
   d. Such other limitation as would accomplish the legislative purpose without imposing impossible, impractical, unnecessary, expensive burdens upon both senders and recipients of the Municipal Notice; or

D. For such other relief that this Honorable Court deems equitable and just.

Respectfully Submitted,

PLUESE, BECKER, & SALTZMAN, LLC

By: _____
    Rob Saltzman, Esq.

On behalf of the following law firms:
Fein Such Kahn & Shepard, P.C.
Frenkel Lambert Weiss Weisman & Gordon, LLP
Parker McCay
Powers Kirn, LLC
Martone & Uhlmann, P.C.
Milstead Law, LLC
Shapiro & DeNardo
Stern & Eisenberg

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: May 5, 2020

Livera, Becker & Snizma, LLC

By:

Ross Snizma

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: April 9, 2020

\_\_S/Nicholas Canova\_

Fein, Such, Kahn & Shepard, P.C.

By: Nicholas Canova, Esq.

ID: 025342004

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dori L. Scovish, Esq.
Attorney ID 005491996
Frenkel Lambert Weiss Weisman & Gordon, LLP
80 Main Street, Suite 460
West Orange, NJ 07052

Dated: April 10, 2020

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule 1:38-7(b)*.

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: 5/6/2020

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identities have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATE: April 9, 2020

Dennis P. Uhlmann, Jr., Esq.
NJ Attorney ID 058652013
Martone & Uhlmann,
A Professional Corporation

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identities have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: 5/5/2020

Gene R. Mariano, Esq.
Parker McCay P.A.
Attorney Id. 021091996

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identities have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED:_____

Edward W. Kirn, III, Esq. 030341994
Powers Kirn, LLC
728 Marne Highway, St. 200
Moorestown, NJ 08057
(856)802-1000

# VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATE: April 9, 2020

/s/ Christopher A. DeNardo
Christopher A. DeNardo
NJ Attorney ID 250782017
Shapiro & DeNardo, LLC

## VERIFICATION

1. I certify that I am an authorized representative of a Plaintiff in this action.

2. I have read the Verified Complaint and the information contained in it is true and correct to the best of my knowledge information and belief.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action.

4. I certify that confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Stern & Eisenberg, P.C.

DATED: April 9, 2020

By: David Lambropoulos, Esq. 04032-2006